PEOPLE OF PORTO RICO, Plaintiff and Appellee, v. EDUARDO RODRÍGUEZ, Defendant and Appellant.

No. 3382. Argued December 20, 1927.—Decided January 12, 1928.

A. *Porrata Doria* for the appellant. *José E. Figueras* for the appellee.

M̱ᴇ. Jᴜsᴛɪᴄᴇ Wᴏʟꜰ delivered the opinion of the court.

The first paragraph of section 553 of the Penal Code, as amended in 1925, Laws of that year, page 136, in its pertinent part provides:

"That all day Sundays, except when the 24th of December and the 1st and 5th of January fall on Sunday; on the first Monday in September (Labor Day) and the 4th of July; on all legal holidays from 12 A. M.; on all working days from 6 P. M., and on the 24th and 31st days of December, and the 5th day of January of each year, from 10 P. M., commercial and industrial establishments shall remain closed to the public; and one hour after closing, no work of any kind shall be permitted the employees of said establishments, except those stated below:

\*        \*        \*        \*        \*        \*        \*  .

The appellant was convicted of having a commercial establishment open to the public. The evidence at best tended to show that the defendant, who was a traveling barber, in his own house shaved another person; that in the room where the shaving took place there were some large chairs and a mirror, but there was no other evidence of any shop or of any barber's sign or of any other sign that usually marks a barber shop.

Therefore, we are inclined to agree with the appellant that a barber, who in his own house shaves another person, is not guilty of having an establishment open to the public, but more particularly we agree with the *fiscal* that the evidence did not tend to show that the appellant was conducting a commercial establishment as defined in section 553, *supra*.

While in the case of *People* v. *Gillies & Woodward*, 20 P.R.R. 467, a barber shop was held to fall within the sanc-

tion of the law, this appellant was not conducting a barber shop as there defined.

The judgment will be reversed and the defendant discharged.